```
SCOTT N. SCHOOLS, SCSBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Acting Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6915
    FAX: (415) 436-6927

Attorneys for Respondents
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BINYAM NEGASH KIFLE,<br><br>　　Petitioner,<br><br>　v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; NANCY ALCANTAR, Field Office Director, Immigration and Customs Enforcement; and ALBERTO GONZALES, Attorney General of the United States,<br><br>　　Respondents. | No. C 07-2584-MJJ<br><br>**STIPULATION TO DISMISS WITHOUT PREJUDICE; AND [PROPOSED] ORDER** |

　　Petitioner, by and through his attorney of record, and respondents, by and through their attorneys of record, hereby stipulate, subject to approval to the Court, to dismissal of the above-entitled action without prejudice, in light of the following:

**I. Background**

　　(1) The petitioner was ordered removed to Sudan by an Immigration Judge, Office of the Immigration Judge, San Diego, California, on December 2, 2005.

　　(2) The petitioner and respondent Chertoff waived their rights to appeal the removal order to the Board of Immigration Appeals (BIA).

STIPULATION TO DISMISS AND PROPOSED ORDER
C-07-2584-MJJ                                           1

1    (3)   On December 6, 2005, the Department of Homeland Security (DHS) attempted to remove
2    the petitioner to Sudan, but the Sudanese government refused to accept him.
3    (4)   On April 24, 2006, the DHS requested that the government of Eritrea issue a travel
4    document, but no response to that request was received.
5    (5)   On February 15, 2007, the government of Ethiopia issued a travel document for the
6    petitioner's removal.
7    (6)   On March 9, 2007, the DHS informed the petitioner by letter that it intended to remove the
8    petitioner to Ethiopia, a country that was not designated in the petitioner's removal proceeding.
9    (7)   In the March 9, 2007 letter, the DHS informed the petitioner that if he believes he will face
10   persecution or torture in Ethiopia, he could request protection from removal, i.e., withholding of
11   removal under the Immigration and Nationality Act and the United Nations Convention Against
12   Torture, and that any claim for protection from removal would have to be supported by evidence
13   demonstrating prima facie eligibility for withholding of removal to Ethiopia.
14   (8)   The DHS also informed the petitioner in the March 9, 2007 letter that if the petitioner
15   presented such evidence, it would consider joining in a motion to reopen the petitioner's removal
16   proceeding for the sole purpose of considering the petitioner's claim for withholding of removal.
17   (9)   The petitioner responded to the DHS's March 9, 2007 letter with evidence in support of his
18   claim that he will be persecuted and tortured in Ethiopia based on fact that his parents were
19   subjected to persecution and his father is a personal enemy of Meles Zenawi, the current head of
20   the Ethiopian regime; and that the petitioner is both a member of a social group subject to
21   persecution, his family, and an Eritrean national subject to persecution by the current government
22   in Ethiopia, along with evidence of the current human rights record of the Ethiopian government.
23   (10)  On March 26, 2007, the DHS declined to join in a motion to reopen the petitioner's
24   removal proceedings.
25   (11)  The petitioner filed a motion to reopen his removal proceedings with the Immigration
26   Judge, asserting that he would be subjected to persecution and/or torture if removed to Ethiopia as
27   set forth in paragraph 9, supra, and that such removal without hearing as to his claims regarding
28   his fear of persecution and/or torture was in violation of the December 2, 2005 final order of

removal and in violation of applicable statutes and the Due Process Clause of the Fifth Amendment to the federal constitution. Petitioner also filed a motion to enforce the express terms of the December 2, 2005 order of the Immigration Judge.

(12) On April 18, 2007, the DHS opposed petitioner's motion to reopen his removal proceedings, arguing that: (a) contrary to allegations in petitioner's motion, the government did not "stipulate" to remove the petitioner to any particular country, and thus, there was no stipulation for the Immigration Court to affirm; and (b) petitioner's motion to reopen was based purely on speculation as to what might happen to him in Ethiopia. The DHS specifically did not argue that the petitioner's motion to reopen was untimely or otherwise barred on jurisdictional grounds.

(13) On May 4, 2007, the Immigration Judge denied the petitioner's motion to reopen, noting that it was untimely and determining that the "[petitioner's] claim based on events regarding his father occurring over 27 years ago do not give rise to a prima facie claim that the respondent would be tortured in Ethiopia for purposes of deferral of removal."

(14) The petitioner's appeal of the Immigration Judge's May 4, 2007 order was timely filed an and served, and is currently on appeal to the Board of Immigration Appeals (BIA).

(15) On May 15, 2007, the petitioner filed a petition for writ of habeas corpus in this Court, alleging that his removal to Ethiopia would violate his rights secured under the Immigration and Nationality Act and the Fifth Amendment of the United States Constitution, and that his continued detention violates his rights under the United States Constitution and that he has a medical condition untreated in detention.

(16) A hearing on the habeas petition is currently scheduled for July 10, at 9:30 a.m.

**II. Agreement**

(1) The DHS agrees not to remove the petitioner at any time prior to the entry and receipt by the parties of an order by the BIA affirming the Immigration Judge's May 4, 2007 order denying the petitioner's motion to reopen.

(2) The DHS agrees to submit a filing with the BIA, which states that it does not object to the timeliness of the motion to reopen on jurisdictional grounds under 8 U.S.C. § 1229a(c)(7) and 8

C.F.R. § 1003.23(b)(1), and will ask the BIA not to affirm the Immigration Court on the basis of untimeliness, but will argue for affirmance on other bases. The petitioner does not waive the issue of jurisdiction under 8 U.S.C. § 1229a(c)(7)(C)(ii) and 8 C.F.R. § 1003.23(b)(4)(i) or any other provision of law in entering into this stipulation.

(3) The DHS agrees to provide the petitioner with a post order custody review pursuant to 8 C.F.R. § 1241.4, including review by ICE Headquarters Post-Order Detention Unit.

(4) The petitioner agrees to dismiss this action without prejudice.

(5) The parties agree that if the BIA affirms the Immigration Judge's May 4, 2007 order and if United States Court of Appeals for the Ninth Circuit ultimately concludes that it lacks jurisdiction over petition for review proceedings because the proper federal court forum to litigate the petitioner's claims was in federal district court in habeas corpus proceedings, rather than in the Ninth Circuit in petition for review proceedings, or for any other reason, the petitioner may re-file his habeas petition in federal district court and the parties can litigate whether the district court has jurisdiction over the habeas petition at that point.

Date: June 15, 2007                                    Respectfully submitted,

                                                       SCOTT N. SCHOOLS
                                                       United States Attorney

                                                       /s/
                                                       EDWARD A. OLSEN
                                                       Assistant United States Attorney
                                                       Attorneys for Respondents


                                                       /s/
Date: June 15, 2007                                    JAMES TODD BENNETT, Esq.
                                                       Attorney for Petitioner

**ORDER**

Pursuant to stipulation, IT IS SO ORDERED.


Date: 6/18/2007                                        _____
                                                       MARTIN J. JENKINS
                                                       United States District Judge

STIPULATION TO DISMISS AND PROPOSED ORDER
C-07-2584-MJJ                                          4